## Newman v. Richter

*John Paul Curran,* for plaintiff.
*William D. March,* for defendant.

REED, JR., *J.,* March 20, 1974—Defendant has filed preliminary objections in the nature of a demurrer to plaintiff's complaint. We summarize plaintiff's complaint, by accepting all well pleaded facts as true, and interpreting it by drawing all reasonable inferences in light most favorable to plaintiff.

In December of 1971, while plaintiff was on leave of absence from her position as chief pharmacist at the Thrift Drug Store in Secane, Pa., for maternity reasons, her husband, a licensed physician and a member of the staff of Tri-County Hospital, was arrested for allegedly converting hospital property to his own use. The case was discontinued without prosecution. Plaintiff's husband, Dr. Newman, was, however, suspended from the professional staff at Tri-County Hospital. The Defendant, Dr. Norman Richter, as chief of staff, was one of these alleged to have been instrumental in this action.

On or about January 12, 1972, defendant first called plaintiff's husband, Dr. Newman and, after a series of subsequent conversations, evolved with him an alleged agreement whereby plaintiff was to give up her position with the drug store and her husband was to be returned to the hospital staff. Plaintiff alleges that, relying on this agreement *between her husband and the defendant,* she did not return to her position. Defendant, however, failed to procure the reinstatement of plaintiff's husband at Tri-County Hospital, which prompted plaintiff to commence this litigation.

The purpose of this indeed somewhat unusual agreement was to clear the way for the appointment of *defendant's brother* as chief pharmacist at the drug store in place of plaintiff.

Plaintiff's complaint appears, as best we can

discern, to be predicated on a theory of *interference with contractual relationships*.

The law has long recognized an action in tort for an intentional, unprivileged interference with contractual relations: Lumley v. Gye, 2 Ell. and Black 216, 1 Eng. Rul. Cas. 706 (1853). One has the right to pursue his business relations or employment free from interference from other persons except where interference is justified or arises from the exercise of an absolute right: Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A.2d. 472 (1960).

The elements necessary to form this cause of action are defined in the Restatement, Torts, §766: "[O]ne who, without a privilege to do so, induces or otherwise purposely causes a *third person* not to (a) perform a contract with another, . . . is liable to the other for the harm caused thereby."

The central element for this cause of action—interference with contractual relationship—is *"inducement of a third person."* In the instant case defendant and plaintiff's husband themselves entered into this agreement which a third party, plaintiff, later found to be objectionable. Plaintiff has alleged then, only a bargain between her husband and defendant; one offered assistance to the other in exchange for a promised return of assistance. Such a bargain does not constitute a tort, for the parties' action was not wrongful, nor was it directed to a third person with any threat of harm, injury or loss to compel discharge of plaintiff.

The case of MacDonald v. Feldman, 393 Pa. 274, 142 A.2d 1 (1958), cited by plaintiff is inapposite. There defendant *induced plaintiff's employer* to discharge her and acted to prevent her from obtaining other employment.

Defendant here never contacted plaintiff's employer at all, nor, in fact, did he contact plaintiff.

Apparently plaintiff voluntarily gave up her position in furtherance of the agreement her husband had made for his own benefit.

Plaintiff has characterized defendant's conduct as "extortion" but there is no allegation disclosing conduct amounting to extortion.

Regrettable though defendant's conduct may have been, the plaintiff fails to make out a cause of action in tort against defendant.

### ORDER

And now, March 20, 1974, defendant's preliminary objections in the nature of a demurrer are hereby sustained and plaintiff's complaint is dismissed